| | |
|---|---|
| District Court, County of Boulder, Colorado<br>State of Colorado<br>1777 Sixth Street, Boulder, CO 80302, (303) 441-1776<br>_____<br>Plaintiff:     ELIZABETH TRUJILLO & HAROLD RAMIREZ<br><br>vs.<br><br>Defendants:   MOORE BROTHERS, INC., FALCON EXPRESS<br>         LLC & GEORGE A. MYERS<br><br>_____<br>Attorneys for Plaintiff:<br>THE LAW OFFICE OF PETER M. ANDERSON<br>Peter M. Anderson, Esq., Atty. Reg. #: 33067<br>Carlo F. Bonavita, Esq., Atty Reg. #: 44324<br>1225 Ken Pratt Blvd., Suite 214, Longmont, CO 80501<br>Phone Number: (303) 444-1505<br>Fax Number: Declined pursuant to C.R.C.P. 5(b) | DATE FILED: January 9, 2023 3:15 PM<br>FILING ID: 4C7ECBD75FFB8<br>CASE NUMBER: 2023CV30018<br><br><br>• COURT USE ONLY •<br>_____<br>Case Number:<br><br><br>Division:<br>Courtroom: |
| **PLAINTIFF'S COMPLAINT AND JURY DEMAND** | |

Plaintiffs, Elizabeth Trujillo and Harold Ramirez, by and through their attorneys, The Law Office of Peter M. Anderson, allege in support of their complaint as follows:

## I.   PARTIES

1. Plaintiff Elizabeth Trujillo is a resident of Colorado and resides 6347 13th Street Road, Greeley, Colorado 80634.

2. Plaintiff Harold Ramirez is a resident of Colorado and resides 6347 13th Street Road, Greeley, Colorado 80634

3. Defendant George Myers is a resident of the State of Nebraska and upon information and belief resides at 1209 Meridian Ave., Cozad, Nebraska 69130.

4. Defendant Moore Brothers, Inc., ("Moore Brothers"), is a Nebraska corporation with its principal place of business 84622 US Hwy 81, Norfolk, Nebraska 68702. Defendant Moore

Brothers is an active interstate common carrier, under D.O.T. Number 371686.

5. Defendant Falcon Express, LLC. ("Falcon Express"), is a Nebraska limited liability company with its principal place of business at 1209 Meridian Avenue, Cozad, Nebraska 69130. Defendant Falcon Express.

6. Defendant George A. Myers is an individual, not incompetent or in the military, whom resides in the State of Nebraska and last known address, 1209 Meridian Ave., Cozad, Nebraska 69130.

## II.   JURISDICTION AND VENUE

7. Plaintiff incorporates herein by reference all preceding paragraphs of this Complaint as if each were set forth fully below.

8. Weld County is a proper venue for this action as all Defendants are non-residents of Colorado.

9. This Court has subject matter jurisdiction over this matter.

10. This Court has jurisdiction over Defendant George Myers because he conducted business in this State, and committed tortious conduct related to the claims at issue in this State.

11. This Court has personal jurisdiction over Defendant Moore Brothers, Inc., because it has explicitly offered to submit to the jurisdiction of Colorado courts in relation to the claims at issue, because it conducts substantial business in the State of Colorado, because it availed itself of the privilege of conduction business within the State of Colorado, because it regularly transports and sends cargo from, to, and through the State of Colorado, because it entered into agreements and contracts with other persons and entities to transport cargo through the State of Colorado, because Defendants George Myers and Falcon Express were agents of Moore Brothers, and because it and they committed tortious conduct that resulted in injuries in the state

of Colorado.

12. This Court has personal jurisdiction over Defendant Falcon Express LLC because it has explicitly offered to submit to the jurisdiction of Colorado courts in relation to the claims at issue, because it conducts substantial business in the State of Colorado, because it availed itself of the privilege of conduction business within the State of Colorado, because it regularly transports and sends cargo from, to, and through the State of Colorado, because it entered into agreements and contracts with other persons and entities to transport cargo through the State of Colorado, because Defendants George Myers and Moore Brothers were agents of Falcon Express, and because it and they committed tortious conduct that resulted in injuries in the state of Colorado.

### III.   STATEMENT OF FACTS

13. Plaintiff incorporates herein by reference all preceding paragraphs of this Complaint as if each were set forth fully below.

14. At some point prior to August 10, 2022, Defendants Falcon Express and George Myers entered into a transportation agreement whereby George Myers and Falcon Express would transport freight as directed by and for compensation for a defunct motor carrier, Defendant Moore Brothers.

15. Upon information and belief at all material times Defendant George Myers was an employee of, or independent contractor for, Defendants Falcon Express and/or Moore Brothers.

16. Upon information and belief Defendant Falcon Express owned and maintained the 2016 Kenworth (hereinafter "semitruck," or "tractor trailer") Defendant George Myers was operating on August 10, 2022.

17. Defendant Myers was operating the 2016 Kenworth semi-truck under Defendant Moore

Brothers D.O.T. motor carrier authorization.

18. Upon information and belief Defendant Moore Brothers is an active status motor carrier which arranges for the transport or goods and services throughout the United States and through and within the State of Colorado utilizing Defendants Falcon Express and Defendant George Myers.

19. At all material times, Defendant Falcon Express was a "motor carrier" and "employer" of drivers of "commercial motor vehicles" as defined in section 390.5 of the Federal Motor Carrier Safety Regulations and was subject to the rules and regulations within Subtitle B, Chapter III< Subchapter B of Title 49 of the Federal Regulations.

20. At all material times, Defendant Moore Brothers was a "motor carrier" and "employer" of drivers of "commercial motor vehicles" as defined in section 390.5 of the Federal Motor Carrier Safety Regulations and was subject to the rules and regulations within Subtitle B, Chapter III< Subchapter B of Title 49 of the Federal Regulations.

21. At all material times, Defendant George Myers was a "driver" of "commercial motor vehicles" as defined in section 390.5 of the Federal Motor Carrier Safety Regulations and was subject to the rules and regulations within Subtitle B, Chapter III< Subchapter B of Title 49 of the Federal Regulations.

22. Section 392.3 of the Federal Motor Carrier Safety Regulations states that

> No driver shall operate a commercial motor vehicle, and a motor carrier shall not require or permit a driver to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle.

23. Section 390.11 of the Federal Motor Carrier Safety Regulations requires that a motor carrier ensure driver regulations are adhered to:

> **Motor carrier to require observance of driver regulations.** Whenever in part 325 of subchapter A or in this subchapter a duty is prescribed for a driver or a prohibition is imposed upon the driver, it shall be the duty of the motor carrier to require observance of such duty or prohibition. If the motor carrier is a driver the driver shall likewise be bound.

24. Section 392.7(a) of the Federal Motor Carrier Safety Regulations states in relevant part that

> No commercial motor vehicle shall be driven unless the driver is satisfied that the following parts and accessories are in good working order, nor shall any driver fail to use or make use of such parts and accessories when and as needed: Service brakes, including trailer brake connections… steering mechanism… tires… wheels and rims.

25. Section 396.7(a) of the Federal Motor Carrier Safety Regulations states that "[a] motor vehicle shall not be operated in such a condition as to likely cause an accident or a breakdown of the vehicle."

26. Sections 392.80 and 392.82 of the Federal Motor Carrier Safety Regulations prohibit the use of electronic devices to text or utilize a handheld mobile telephone while operating.

27. At approximately 11:05 am on the morning of August 10, 2022, Defendant George Myers was operating Falcon Express's 2016 Kenworth semi-truck Vin: 1XKYDP9X3GJ475361, License Plate Number: 409082 pulling an attached flatbed trailer Vin: 1GRDM9622DH717466, License Plate Number: 227868 eastbound on Colorado Highway 34 in Greeley, Colorado.

28. Plaintiff Trujillo was the driver of a 2008 Mazda M3S sedan at a complete stop in traffic eastbound Colorado Highway 34 in Greeley, Colorado.

29. Upon information and belief, Defendant Myers failed to stop for the red light.

30. Upon information and belief, Defendant Myers semi-truck collided with the rear of Plaintiff's car (herein referred to as "collision, crash, or wreck").

31. Upon information and belief, Defendant Myers caused this collision due to inattention, distraction, fatigue, and/or a malfunction or failure of Falcon Express's semi-truck and/or

Defendant Moore Brothers flatbed trailer.

32. Upon information and belief, as Falcon Express 's semi-truck caused Plaintiff's vehicle to veer off the roadway approximately 491' to the east and 32' north.

33. Upon information and belief, the condition of Falcon Express tractor and/or Defendant Moore Brothers trailer, including its tires and brakes, contributed to the commercial motor vehicle's failure to properly brake.

34. Upon information and belief, Defendant Myers was unable to timely and adequately respond and caused this collision.

35. Defendant George Myers was fatigued at the time of this collision.

36. Defendant George Myers was distracted at the time of this collision.

37. Upon information and belief, mechanical defects along with Defendant Myer's fatigued and/or distracted driving and inability to properly control his commercial motor vehicle resulted in the collision.

38. Greeley Police Department investigation the collision.

39. Defendant George Myers was charged with Careless Driving Causing Bodily Injury in violation of Colorado Revised Statutes section 42-2-1402(1)(2)(B) and Red Light-Fail to Stop violation of Colorado Revised Statutes section 42-4-604(1)(c)(1) which was the direct cause of the collision.

## COUNT I – NEGLIGENCE
## GEORGE A. MYERS

40. Plaintiffs incorporates herein by reference all preceding paragraphs of this Complaint as if each were set forth fully below.

41. Defendant Myers owed Plaintiffs a duty to exercise reasonable care in the operation of the Kenworth semi-truck.

42. In operating the Kenworth semi-truck, on said date and time as described above, Defendant Myers breached his driving duties owed to Plaintiff.

43. In operating of said commercial vehicle, on said date and time as described above, Defendant Myers drove the Kenworth semi-truck negligently.

44. In operating the Kenworth semi-truck, on said date and time as described above, Defendant Myers drove carelessly.

45. Defendant Myers conduct caused the collision.

46. Defendant Myers was solely responsible for causing the wreck.

47. Defendant Myers driving contributed to the collision

48. Defendant Myers is at fault for the wreck.

49. Upon information and belief, Defendant Myers was distracted when driving which caused the incident.

50. Upon information and belief, Defendant Myers was texting on a cell phone when driving which caused the incident.

51. Upon information and belief, Defendant Myers was using a cell phone when driving which caused the incident.

52. Upon information and belief, Defendant Myers was fatigued when driving which caused the incident.

53. Defendant Myers actions were the sole cause of the collision.

54. Defendant Myers drove the Kenworth semi-truck for the benefit of Defendants Moore Brothers and/or Falcon Express at the time of the collision.

55. At the time of the collision Defendant Myers was an agent or employee of Moore Brothers and/or Falcon Express.

56. At the time of the collision Defendant Myers was in the course and scope of his agency or employment with Moore Brothers and/or Falcon Express.

57. Plaintiff's driving conduct did not cause the collision.

58. Plaintiff's driving conduct did not contribute to the collision.

59. Plaintiff is in not at fault for the collision.

60. Defendant Myers conduct was the proximate cause of Plaintiff's injuries, damages, and losses suffered in the collision.

61. As a result of Defendant Myers negligent and/or careless driving, Plaintiff sustained damages, including serious and permanent bodily injuries.

62. Plaintiff suffered physical impairment and disfigurement as a direct result of the collision.

63. Plaintiff suffered non-economic injuries as a direct result of the collision.

64. Plaintiff incurred medical bills and suffered other economic losses as a direct result of the collision.

65. All of Plaintiff's damages are in the past, present and future tense, whether so specifically delineated in each paragraph or not.

## COUNT I I– NEGLIGENCE PER SE
## GEORGE A. MYERS

66. Plaintiffs incorporates herein by reference all preceding paragraphs of this Complaint as if each were set forth fully below.

67. Defendant Myers driving on the above-described date and time was in violation of Colorado Revised Statute 42-4-1402(1)(2)(B); Colorado Revised Statute 42-4-604(1)(c)(1) and sections 392.3, 392.80 and 392.82 of the Federal Motor Carrier Safety Regulations (hereinafter "the statutes").

68. Defendant Myers driving on the above-described date and time constituted careless driving.

69. Defendant Myers driving on the above-described date and time constituted reckless driving.

70. Defendant Myers driving on the above-described date and time constituted fatigued driving.

71. Defendant Myers driving on the above-described date and time constituted distracted driving.

72. Plaintiffs is among the class of persons intended to be protected under the statute and the regulation and the harms suffered by Plaintiffs are the type that are intended to be prevented by these statutes and regulations.

73. Defendant Myers conduct constitutes negligence per se.

74. Defendant Myers negligence per se conduct was the proximate cause of Plaintiff's injuries.

75. Defendant Myers negligence per se conduct was the cause of Plaintiff's injuries damages and losses.

76. Defendant Myers negligence per se conduct was the proximate cause of Plaintiff's damages.

77. Defendant Myers negligence per se conduct was the proximate cause of Plaintiff's injuries, damages and losses including economic, non-economic and physical impairment damages.

### COUNT III – NEGLIGENT HIRING, SUPERVISING, TRAINING AND ENTRUSTMENT FALCON EXPRESS LLC & MOORE BROTHERS, INC.

78. Plaintiffs incorporates herein by reference all preceding paragraphs of this Complaint as

if each were set forth fully below.

79. At the aforementioned time and place, Defendant Falcon Express owned or leased the Kenworth semi-truck driven by Defendant Myers and had the right to control his use of said commercial vehicle.

80. Defendant Falcon Express gave the vehicle involved in the collision, a 2016 Kenworth Tractor and/or trailer, to Defendant Myers to use in the course and scope of his employment with Falcon Express and/or Moore Brothers.

81. The 2016 Kenworth Tractor and/or trailer involved in the collision is owned and registered to Defendant Falcon Express and/or Moore Brothers for the benefit of Falcon Express and/or Moore Brothers.

82. Upon information and belief, Defendant Falcon Express and/or Moore Brothers gave permission to Defendant Myers to utilize the 2016 Kenworth Tractor and/or trailer he was operating at the time of the collision.

83. Defendant Falcon Express and/or Moore Brothers permission included permission for Defendant Myers to drive and operate the 2016 Kenworth tractor and/or trailer when the collision happened.

84. Defendant Myers and/or Falcon Express being the motor carrier and registrant of the 2016 Kenworth tractor and/or trailer that Defendant Myers was driving on the day in question, had the right to control the vehicle and/or had the right to control the way in which the vehicle was used.

85. Defendant Falcon Express and/or Moore Brothers had a duty to use reasonable care in ensuring that the commercial vehicle would not be used in a manner which would involve an unreasonable risk of physical harm to others.

86. Upon information and belief, at the aforementioned time and place, Defendant Falcon Express and/or Moore Brothers negligently entrusted a commercial motor vehicle to Defendant Myers.

87. Upon information and belief, Defendant Myers was using the vehicle in question with the express consent of the Defendant Falcon Express and/or Moore Brothers.

88. Upon information and belief, Defendant Myers was an employee or agent of Defendant Falcon Express and/or Moore Brothers at the time of the collision.

89. Upon information and belief, at the time of the collision, Defendant Myers was performing a task for Defendant Falcon Express and/or Moore Brothers benefit.

90. Upon information and belief, Defendant Myers was an agent and/or employee of Defendant Falcon Express and/or Moore Brothers at the time of the collision.

91. Upon information and belief, Defendant Falcon Express and/or Moore Brothers negligently entrusted its commercial motor vehicle to Defendant Myers and negligently failed to supervise his use of said commercial vehicle.

92. Upon information and belief, as a direct, foreseeable, and proximate result of Defendant Falcon Express and/or Moore Brothers act of negligent entrustment, Plaintiffs are suffering and will continue to suffer from the injuries and damages.

93. Upon information and belief, Defendant Falcon Express and/or Moore Brothers were negligent in the hiring, supervision and/or retention of Defendant Myers.

94. Upon information and belief, Defendant Falcon Express and/or Moore Brothers failed to properly train, educate and monitor Defendant Myers driving at all times during Defendant Myers employment, including but not limited to his hours of service and/or fatigued driving.

95. Upon information and belief, Defendant Falcon Express and/or Moore Brothers failed to

reasonably investigate Defendant Myers ability to drive safely, including but not limited to his ability to safely recover control of a tractor and trailer under such circumstances as which led to the subject crash.

96. Upon information and belief, Defendant Falcon Express and/or Moore Brothers failed to provide education and training to ensure Defendant Myers was a safe driver, including but not limited to managing hours of service, distracted driving, fatigued driving, and/or recovery of control of a tractor and trailer under such circumstances as which led to the collision.

97. Upon information and belief, Defendant Falcon Express and/or Moore Brothers negligence included, but is not limited to its failure to investigate the skills and habits of Defendant Myers, and/or its failure to properly supervise or monitor his hours of service, fatigued driving, and other conduct and, particularly the driving of Defendant Myers and/or its retention of the services of Defendant Myers when it knew or should have known that said retention would create an undue risk of harm to others.

98. As a direct and proximate result of Defendant Falcon Express and/or Moore Brothers failure to investigate, supervise, hire Defendant Myers and its negligent retention of Defendant Myers, Plaintiffs have sustained damages, injuries and losses.

99. As a direct and proximate result of Defendant Falcon Express and/or Moore Brothers act of negligent entrustment, supervision, and employee training, the Plaintiffs sustained economic, non-economic and physical impairment damages, injuries and losses.

100. As a direct and proximate result of Defendant Falcon Express and/or Moore Brothers breach of its duty to use reasonable care in the investigation, hiring, training, supervising, monitoring its drivers, including Defendant Myers, Plaintiffs suffered injuries, damages and losses.

101. As a direct, foreseeable, and proximate result of Defendant Falcon Express and/or Moore Brothers conduct, including but not limited to the negligent hiring, supervision and/or retention of Defendant Myers, Plaintiffs have suffered and will suffer injuries, damages and losses.

## COUNT V– NEGLIGENT SELECTION OF INDEPENDENT CONTRACTOR MOORE BROTHERS, INC., & FALCON EXPRESS LLC

102. Plaintiffs incorporates herein by reference all preceding paragraphs of this Complaint as if each were set forth fully below.

103. Upon information and belief, Defendant Falcon Express and/or Defendant Myers were agents/contractors of Defendant Moore Brothers and were acting within the course and scope of their contract at the time of the collision.

104. Defendant Moore Brothers had a duty to choose a competent employee and/or independent contractor.

105. Defendant Moore Brothers failed to conduct proper investigation into Defendant Falcon Express and/or Defendant Myers fitness and ability to operate safely thereby selecting an incompetent employee and/or independent contractor.

106. Upon information and belief, Defendant Falcon Express and/or Defendant Myers were agents, independent contractors, and/or employees of Defendant Moore Brothers at the time of the collision.

107. During times material, Defendant Moore Brothers had a duty to use reasonable care in ensuring that Defendant Falcon Express would select and/or employ drivers and other technicians, including Defendant Myers, that would not provide services in a manner which would involve an unreasonable risk of physical harm to others.

108. Defendant Moore Brothers is liable to Plaintiffs as a result of Defendant Falcon

Express and/or Defendant Myers negligence because it was negligent in selecting a careless or incompetent company with whom to contract.

109. Defendant Moore Brothers is bound by the actions and/or omission of Defendant Falcon Express and/or Defendant Myers.

110. Defendant Moore Brothers is liable to Plaintiffs for their damages on the basis of its negligence in selecting Defendant Falcon Express and/or Defendant Myers.

111. As a direct, immediate, and proximate result of the negligent selection of Defendant Falcon Express and/or Defendant Myers, Plaintiffs suffered injuries, damages and losses.

## COUNT VI – VICARIOUS LIABILITY
## FALCON EXPRESS LLC

112. Plaintiffs incorporates herein by reference all preceding paragraphs of this Complaint as if each were set forth fully below.

113. At all times material hereto, Defendant Myers was an agent or employee of Defendant Falcon Express and was acting within the course and scope of his agency or employment at the time of the crash.

114. The acts or omissions of Defendant Myers are in law the acts or omissions of the Defendant Falcon Express.

115. As a direct, immediate and proximate result of the acts of Defendant Falcon Express's agency or employment, Defendant Myers, Plaintiffs have been damaged.

## COUNT V – VICARIOUS LIABILITY
## MOORE BROTHERS INC

116. Plaintiffs incorporates herein by reference all preceding paragraphs of this Complaint as if each were set forth fully below.

117. At all times material hereto, Defendants Falcon Express and Defendant Myers were agents or employees of Defendant Moore Brothers and were acting within the course and scope of their agency or employment at the time of the crash.

118. The acts or omissions of Defendants Falcon Express and Defendant Myers are in law the acts or omissions of the Defendant Moore Brothers.

119. As a direct, immediate and proximate result of the acts of Defendant Moore Brothers agency or employment of Defendants Falcon Express and Defendant Myers, Plaintiffs have been damaged.

## COUNT VI - LOSS OF CONSORTIUM
## ALL DEFENDANTS

120. Plaintiffs incorporate herein by reference all preceding paragraphs of this Complaint as if each were set forth fully below.

121. Plaintiff Harold Ramirez claims damages for all loss of consortium damages resulting from Defendants' negligence causing injury to Plaintiff Elizabeth Trujillo.

122. Plaintiff Harold Ramirez seeks noneconomic and economic damages, including but not limited to damages in the form of loss of affection, society, companionship, aid and comfort of Plaintiff Elizabeth Trujillo, loss of household services Plaintiff Elizabeth Trujillo would have performed and any resulting expenses which Plaintiff Harold Ramirez has had or which he will have in the future, caused by the negligence, including but not limited to negligent entrustment, hiring, training, supervising and retaining by Defendants, and amount to negligence per se of Defendants.

123. Plaintiff Elizabeth Trujillo was injured because of the defendants' negligence, including but not limited to Negligent entrustment, hiring, training, supervising, and retaining by Defendants, and their conduct amounts to negligence per se of Defendants.

124. Plaintiffs were married at the time Elizabeth Trujillo was injured.

125. As a result of such injuries to Plaintiff Elizabeth Trujillo, Plaintiff Harold Ramirez has a loss of his rights of consortium.

## DAMAGES

126. Plaintiffs incorporates herein by reference all preceding paragraphs of this Complaint as if each were set forth fully below.

127. As a direct, foreseeable and proximate result of the negligence and negligence per se of Defendants, Plaintiffs have suffered and will suffer economic, non-economic and physical impairment damages, loss of consortium damages, injuries, and losses.

128. As a direct, foreseeable and proximate result of the negligence and negligence per se of Defendants, Plaintiffs have suffered and will suffer economic losses including but not limited to lost past wages, future loss of earning capacity, past and future medical and rehabilitative expenses, property damage, interest, and all filing fees.

129. As a direct, foreseeable and proximate result of the negligence and negligence per se of Defendants, Plaintiffs have suffered and will suffer non-economic losses consisting of past and future anxiety, stress, physical and emotional pain and suffering and loss of enjoyment of life, loss of independence, anger, frustration, and inconvenience.

130. In the event the defense denies liability in its Answer, or any other baseless legal pleadings filed herein, Plaintiffs provides advance notice that it will request C.R.C.P. § 11 and 12 sanctions for the filing of a baseless pleading; this notice is provided as a courtesy in light of the clear and undisputed facts in this matter regarding the happening of this occurrence.

## JURY DEMAND

Plaintiffs Elizabeth Trujillo hereby demands a trial by jury.

**WHEREFORE,** Plaintiffs Elizabeth Trujillo and Harold Ramirez requests monetary damages in an amount to fairly and justly compensate them for their injuries, impairments, and damages, as determined from the evidence at trial; plus statutory interest from the date this cause of action accrued, or as otherwise allowed by Colorado law; property damage; property loss of value; mileage; interest; court costs; expert witness fees; deposition expenses; mediation fees, past and future health care, pre-trial meetings with physicians and experts, medication & medical costs, rehabilitation expenses, and attorneys' fees if applicable; and for such other and further relief as the Court may deem just and proper.

DATED this 9th day of January 2023

Respectfully submitted,

THE LAW OFFICE OF PETER M. ANDERSON

By: /s/ Peter M. Anderson
Peter M. Anderson, #033067
Carlo Bonavita, #44324
1225 Ken Pratt Blvd., Suite 214
Longmont CO 80501
Telephone: (303) 444-1505
*ATTORNEYS FOR PLAINTIFF*