IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Raymond P. Moore

Civil Action No. 23-cv-00802-RM-SBP

ELIZABETH TRUJILLO, and
HAROLD RAMIREZ,

    Plaintiffs,

v.

MOORE BROTHERS, INC.,
FALCON EXPRESS, LLC, and
GEORGE A. MYERS,

    Defendants.

_____

## ORDER
_____

Before the Court is the Recommendation of United States Magistrate Judge Susan Prose (ECF No. 70) to grant in part and deny in part Plaintiffs' Motion for Leave to Amend (ECF No. 52), seeking leave to file their proposed Second Amended Complaint adding four new Defendants and asserting claims for exemplary damages. The Recommendation advised the parties that specific written objections were due within fourteen days after being served a copy of the Recommendation, and none has been filed. For the reasons below, the Court accepts the Recommendation, which is incorporated into this Order by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

"In the absence of a timely objection, the district court may review a magistrate judge's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.3d 1165, 1167 (10th Cir. 1991).

This auto negligence action stems from an accident where a semi-truck struck Plaintiff Trujillo's vehicle.  After Plaintiffs amended their complaint once as a matter of course (*see* ECF No. 22), Defendants Moore Brothers, Inc. and Falcon Express, LLC moved to dismiss two of the counts against them.[1]  Plaintiffs then filed the underlying Motion, which was referred to the magistrate judge for a recommendation.  The Motion has been fully briefed, and the magistrate judge heard oral argument on the matter.  (*See* ECF Nos. 43, 44, 67.)

In the Recommendation, the magistrate judge first considered whether Plaintiffs had offered evidence to establish a prima facie case allowing them to bring claims for exemplary damages under Colorado law.  *See* Colo. Rev. Stat. § 13-21-102(1.5)(a).  Taking all reasonable inferences in Plaintiffs' favor, the magistrate judge determined that Plaintiffs' made an inadequate showing that the trailer being pulled by the semi-truck "was in fact a dangerous condition that contributed to the collision, that any Defendant possessed a conscious awareness of that objectively dangerous condition and chose to ignore it, and that any Defendant knew or should have [known] that that objectively dangerous condition would lead to someone's injury." (ECF No. 70 at 11.)  Therefore, on the current record, the magistrate judge recommended that the request to add claims for exemplary damages be denied without prejudice.

The magistrate judge then considered whether Plaintiffs could bring four new Defendants (the "Nucor Defendants") into this litigation.  The magistrate judge noted the general presumption in favor of allowing a party to amend its pleadings, *see* Fed. R. Civ. P. 15(a)(2), and

---

[1] Although the Recommendation states otherwise, the Motion to Dismiss (ECF No. 28) has also been referred to the magistrate judge for a recommendation.  (*See* ECF No. 38.)  At oral argument, the parties agreed that, should leave to amend be granted, the Motion and its related briefing (ECF Nos. 43, 44) could be applied to the Second Amended Complaint, without the need for re-filing.

concluded that Defendants failed to establish futility, dilatory motive, or bad faith.  Accordingly, the magistrate judge recommended that the request to add the Nucor Defendants be granted.

The Court discerns no error on the face of the record and agrees with the magistrate judge's analysis of the issues presented in Plaintiffs' Motion.  Therefore, the Court ACCEPTS the Recommendation (ECF No. 70), and Plaintiffs' Motion (ECF No. 52) is GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART, as stated in this Order and Recommendation.

DATED this 31st day of January, 2024.

BY THE COURT:

_____
RAYMOND P. MOORE
Senior United States District Judge