IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Raymond P. Moore

Civil Action No. 23-cv-00802-RM-SBP

ELIZABETH TRUJILLO, and
HAROLD RAMIREZ,

    Plaintiffs,

v.

MOORE BROTHERS, INC.,
FALCON EXPRESS, LLC, and
GEORGE A. MYERS,

    Defendants.

## ORDER

    This auto negligence case is before the Court on the Recommendation of United States Magistrate Judge Susan Prose (ECF No. 84) to grant in part and deny in part the Motion to Dismiss by Defendants Moore Brothers, Inc. and Falcon Express, LLC (ECF No. 28).  The Recommendation advised that specific written objections were due within fourteen days after being served a copy of the Recommendation.  More than fourteen days have elapsed since the Recommendation was issued, and no objection has been filed.

    As outlined in the Recommendation, Plaintiffs brought this lawsuit after a semi-truck driven by Defendant Myers struck Plaintiff Trujillo's vehicle.  Defendant Myers is alleged to be an employee or independent contractor of Falcon Express, which owned the semi-truck, and/or Moore Brothers, which owned and maintained the flatbed trailer attached to the semi-truck.  Plaintiffs bring ten claims, all sounding in negligence, against the various Defendants.  The Motion targets only Plaintiffs claim for negligent hiring, retention, supervision, training, and entrustment and their claim for negligent selection of an independent contractor.

The magistrate judge determined that Plaintiffs failed to state a plausible claim for negligent hiring because the Complaint lacks factual allegations about Defendant Myers' driving history or characteristics supporting a reasonable inference that he was an incompetent driver at the time he was hired.  Plaintiffs' claim for negligent selection of an independent contractor was similarly flawed, the magistrate judge found, due to the absence of allegations demonstrating that Defendant Myers was known to be an unsafe driver at the time he was hired or that Falcon Express could not competently perform to perform any work that it agreed to do.  However, the magistrate judge also determined that Plaintiffs stated a plausible claim for negligent retention, supervision, training, and entrustment based on allegations that Falcon Express and Moore Brothers knew, before the accident, that Defendant Myers performed cursory vehicle inspections.  Accordingly, the magistrate judge recommended allowing this part of the claim to proceed.

"In the absence of a timely objection, the district court may review a magistrate judge's report under any standard it deems appropriate."  *Summers v. Utah*, 927 F.3d 1165, 1167 (10th Cir. 1991).  The Court finds the magistrate judge's analysis was sound and discerns no error on the face of the record.  Accordingly, the Court accepts the Recommendation, which is incorporated into this Order by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Therefore, the Court ADOPTS the Recommendation (ECF No. 84) and the Motion (ECF No. 28) is GRANTED IN PART and DENIED IN PART, as stated in the Recommendation and this Order.

DATED this 21st day of March, 2024.

BY THE COURT:

RAYMOND P. MOORE
Senior United States District Judge